Roberto Dario **HERNANDEZ GALICIA;**
Gladis Sonia Hernandez; Kenny Robert Hernandez Vigil; Kevin Jonathan Hernandez Vigil, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–73259.

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2004.*

Decided April 13, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Robert D. McCallum, Jr., U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Mary Jane Candaux, Esq., Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Roberto Hernandez Galicia, Gladis Sonia Hernandez, and their children, Kenny Robert Hernandez–Vigil and Jonathan Hernandez–Vigil, petition for review of the Board of Immigration Appeals' denial of their applications for asylum and withholding of removal.[1] We deny the petitions.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination "'must be supported by a specific, cogent reason.'" *de Leon–Barri-*

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The applications of Gladis Sonia Hernandez and the children are, essentially, derivative of Robert Hernandez Galicia's application. Because he is the lead petitioner, all references to Hernandez are to him. Moreover, what we hold as to him applies to them as well.

os, 116 F.3d at 393 (citation omitted); *see also Gui*, 280 F.3d at 1225. Moreover, where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc).

Here, Hernandez's claims fail. The IJ's decision was the final agency determination, and the IJ found that Hernandez was not credible. We are unable to say that the IJ's decision was not supported by substantial evidence in the record. On the contrary, the evidence supports a decision that the inconsistencies [2] and unexplained implausibilities [3] in his testimony indicate that he is not credible. Certainly, we cannot say that "no reasonable factfinder could fail to find" him credible. *Elias–Zacarias*, 502 U.S. at 484, 112 S.Ct. at 817; *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) (a single supported ground for an adverse credibility finding is sufficient).[4]

Petitions DENIED.[5]

---

2. *E.g.,* The numbers and frequency of threatening calls; places he was located; how long he was in those places; and when the attack on his uncle took place.

3. *E.g.,* His refusal to report threats or to seek or accept protection, and the failure of the "terrorists" to make any significant personal contact over a four year period when they tracked his phone numbers and were rebuffed by him each time they called.

4. Hernandez asserts that use of the streamlining regulation violates his due process rights.

*See* 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)). We have already rejected that contention. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

5. Because Hernandez did not meet the eligibility requirements for asylum, he was not entitled to withholding of removal either. *See Ghaly,* 58 F.3d at 1429.

